UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case Number 10-10952

v.                                            Honorable David M. Lawson

PAMELA COLLINS, also known as
PAMELA DENISE COLLINS,

      Defendant,

and

CALLANDER COMMERCIAL, LLC,
MICHIGAN DEPARTMENT OF TREASURY,
and BANK OF AMERICA,

      Garnishees.

_____/

**<u>ORDER DENYING REQUEST FOR HEARING</u>**

This matter is before the Court on the defendant's request for a hearing on the plaintiff's request for a writ of garnishment. The defendant's request for a hearing will be denied for two reasons. First, her request for a hearing is untimely. Second, her objections are meritless.

The defendant's request for a hearing was received five days after the deadline for such a request. The writ of garnishment instructed the defendant that if she wanted a hearing, she had to notify the Court in writing within 20 days after receipt of the notice of garnishment. The defendant was served the application for the writ, the Clerk's notice of garnishment, request for hearing forms, and a claim for exemptions on April 20, 2011. Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served . . . by mailing it to the person's last known address — in which event service is complete upon mailing.") Because service was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), the

defendant received three extra days to respond, moving the due date for her request for a hearing to May 13, 2011. Fed. R. Civ. P. 6(d). She filed her request five days late on May 18, 2011.

The defendant's objections are meritless because she does not allege that the amount of the debt is incorrect or that there is anything procedurally wrong with the garnishment efforts. A default judgment was entered on April 16, 2010 in the amount of $1,770.96 plus post-judgment interest. The defendant acknowledges responsibility for the debt in her request for a hearing. She objects to the writ because, "for some unknown reason, the Department of Education failed to include [her] Federal Perkins [loan] along with all of my other loans [when they were consolidated]." The Department of Education's alleged mistake does not excuse the defendant from the responsibility of making timely payments the judgment, which she does not contest. The United States is entitled to execute on the uncontested default judgment in any way authorized by law.

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated: May 31, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2011.

                s/Deborah R. Tofil
                DEBORAH R. TOFIL